**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | |
|---|---|
| ROSE THOMAS, ) | |
| ) | Case No. 21-cv-06000 |
| Plaintiff, ) | |
| ) | The Hon. Robert M. Dow, Jr. |
| v. ) | |
| ) | |
| FORD MOTOR COMPANY, ) | |
| ) | **JURY DEMANDED** |
| Defendant. ) | |

**JOINT STATUS REPORT**

Pursuant to the Court's December 20, 2021 Minute Entry, Dkt. 7, Plaintiff Rose Thomas ("Plaintiff") and Defendant Ford Motor Company ("Defendant") (collectively, the "Parties"), hereby submit this Joint Initial Status Report.

1. **Nature of the Case**

   a. **Attorneys of record for each party**

      i. Plaintiff Rose Thomas is represented by NaVarrio Wilkerson and Gianna Scatchell of the Disparti Law Group.

      ii. Defendant is represented by Katherine V.A. Smith, Molly Senger, and Michael Jaskiw of Gibson, Dunn & Crutcher LLP; Kathleen M. Nemechek, Timothy S. Millman, Jocelyn Villanueva, and Stephen M. Bledsoe of Berkowitz Oliver LLP; and Derek Barella of Schiff Hardin LLP.

   b. **Basis for federal jurisdiction**

      i. Pursuant to 28 U.S.C. § 1331, the Court has federal question jurisdiction over Plaintiff's claims under Title VII (42 U.S.C. § 2000e-5).

      ii. Pursuant to 28 U.S.C. § 1367, the Court has supplemental jurisdiction over Plaintiff's state law claims.

    c.    **Nature of the claims asserted in the Complaint.**

        i.  Plaintiff's claims in this action were severed from *Van et al. v. Ford Motor Co.*, No. 14-cv-8708 (N.D. Ill.) ("*Van*") and reassigned to the Court on November 9, 2021. Dkt. 1. Plaintiff is a former employee at Ford's Chicago Assembly Plant ("CAP"). In her First Amended Complaint, Plaintiff alleges that she was subjected to sexual harassment (Count I), gender discrimination (Count II), and retaliation (Count III) in violation of Title VII. Additionally, she alleges that she was subjected to battery (Count IV), assault (Count V), and intentional infliction of emotional distress (Count VI, preserved for purposes of appeal only).

    d.    **Major legal and factual issues anticipated in the case.**

        i.  Whether Plaintiff was sexually harassed, and if so, whether there is a basis for Ford's liability.

        ii.  Whether Plaintiff was discriminated against due to her gender.

        iii.  Whether Plaintiff engaged in any protected activity under Title VII and if so, whether Ford retaliated against Plaintiff because she engaged in alleged protected activity.

        iv.  Whether Plaintiff suffered assault, battery, and/or intentional infliction of emotional distress, and if so, whether these claims are timely and whether Ford is vicariously liable for these torts.

        v.  Whether Plaintiff suffered any damages and if so, the nature, extent and cause of those damages and whether they are attributable to action or inaction by Ford.

 e. **Whether a jury trial has been demanded**

  i. Plaintiff has requested a jury trial.

2. **Pending Motions and Case Plan**

 a. **Identify all pending motions**

  i. No motions are currently pending.

 b. **Answer deadline**

  i. Ford respectfully requests that the Court set February 28, 2022 as the deadline for Ford to answer Plaintiff's First Amended Complaint.

  ii. Plaintiff has no objection to this request.

 c. **Proposed discovery and case management plan**

  i. The Parties will conduct written and oral discovery, including serving interrogatories, document requests, and conducting fact depositions.

  ii. **Rule 26(a)(1) disclosures**

   1. The Parties will exchange Rule 26(a)(1) disclosures by March 30, 2022.

  iii. **Issuance of written discovery**

   1. The Parties will issue written discovery by April 14, 2022.

  iv. **The need for a proposed confidentiality order**

   1. The Parties will submit a proposed confidentiality order to the Court in advance of producing any confidential documents.

  v. **Fact discovery completion date**

   1. The parties anticipate completing fact discovery by August 29, 2022.

      vi. **If there will be expert discovery, an expert discovery completion date, including dates for the delivery of expert reports;**

          1. To the extent the Parties determine expert discovery is needed, they will propose a schedule to govern expert discovery to the Court prior to August 29, 2022.

      vii. **A proposed date for the filing of dispositive motions.**

          1. The Parties will file dispositive motions by October 28, 2022.

3. **Tentative Trial Date**

    a. Plaintiff anticipates proceeding to a jury trial three to four months after a ruling on any dispositive motion. Plaintiff anticipates that trial will last five (5) days.

    b. Ford submits that because merits discovery has not begun, it is not yet feasible to propose a trial date or to estimate the length of trial.

4. **Consent to Proceed Before a Magistrate Judge**

    a. The parties do not consent unanimously to proceed before a Magistrate Judge.

5. **Status of Settlement Discussions**

    a. **Indicate whether any settlement discussions have occurred**

        i. Before Plaintiff's claims were severed and reassigned to the Court, Plaintiff (represented by Settlement Assistance Program counsel) and Ford held a settlement conference supervised by Magistrate Judge Cummings. The parties' settlement discussions were not successful. The parties have not engaged in settlement discussions since Plaintiff retained her present counsel.

    b. **Whether the parties request a settlement conference**

    i. The parties do not request a settlement conference at this time. The parties submit that further settlement discussions and a settlement conference may be more fruitful after fact discovery has been conducted.

DATED: February 14, 2022

| Respectfully submitted, | Respectfully submitted, |
|---|---|
| */s/ NaVarrio Wilkerson* | */s/ Katherine V.A. Smith* |
| NaVarrio Wilkerson | Katherine V.A. Smith (admitted *pro hac vice*) |
| Disparti Law Group, P.A. | Molly T. Senger (admitted *pro hac vice*) |
| 121 W. Wacker Drive, Suite 2300 | Michael A. Jaskiw (*admitted pro hac vice*) |
| Chicago, IL 60601 | GIBSON, DUNN & CRUTCHER LLP |
| Telephone: 312.506.5511 | 1050 Connecticut Avenue, N.W. |
| navarrio@dispartilaw.com | Washington, D.C. 20036 |
| | Telephone: 202.955.8500 |
| *Counsel for Plaintiff* | ksmith@gibsondunn.com |
| | msenger@gibsondunn.com |
| | mjaskiw@gibsondunn.com |
| | |
| | Kathleen M. Nemechek N.D. Ill. No. 50139 |
| | BERKOWITZ OLIVER LLP |
| | 2600 Grand Boulevard, Suite 1200 |
| | Kansas City, Missouri 64108 |
| | Telephone: 816.561.7007 |
| | knemechek@berkowitzoliver.com |
| | |
| | Derek Barella |
| | SCHIFF HARDIN LLP |
| | 233 South Wacker Drive, Suite 7100 |
| | Chicago, IL 60606 |
| | Telephone: 312.258.5500 |
| | Facsimile: 312.258.5600 |
| | dbarella@schiffhardin.com |
| | |
| | *Counsel for Ford Motor Company* |